Voorhses, J.
The defendant in error, Sarah E. Douglass, brought hef action against the plaintiff in error in the common pleas court, averring in her amended petition in substance, that on the 29th day of October, 1877, she was married to the defendant; that children were born of the marriage, and are named in the petition; that at the February term of said court, 1887, such proceedings were had in an action in said court between plaintiff and defendant that the plaintiff herein, Samuel E. Douglass, was divorced from the defendant, Sarah E. Douglass, and she was awarded the care and custody of the children; that ever since said decree, said parties have lived separate and apart, and said children have lived apart from the plaintiff in error; that Bessie Douglass, one of said children, has been supported by said Sarah E. Douglass; she is a dwarf and crippled, her condition is given more in detail in her amended petition; that she furnished this child support up to the time of bringing her action, claiming therefor $2184.00
She further says from the time of the decree of divorce up to June 15th, 1896, she furnished, Roy C. Douglass, another child born of said marriage, with board etc., to the amount and value of $3.50 per week; she avers that the plaintiff is the owner of real estate, and is well able to support said children, averring *424 the amount for which she should have judgment.
To this amended petition the defendant files an amended answer.
The issues presented, briefly stating them, are these: That these parties were married; children were born of their marriage; one of the children is a cripple for life; proceedings in divorce were commenced and prosecuted to termination, resulting in a divorce in favor of the husband; the custody and care of the children were decreed, in the divorce proceeding, to the wife and no further condition imposed than simply decreeing their custody and care. After the divorce the care and attention thus devolved upon the mother; she brings a suit and seeks to recover for the support and maintenance thus furnished by her to the children of this marriage after the divorce and without showing or averring any agreement for the same.
Defendant in error recovered on her petition against plaintiff in error.
The case comes into this court on error, a bill of exceptions embodying the evidence is submitted for review by this court.
We think there is only one question that is necessary to be passed upon to determine-the rights ;of the parties as presented by the ¡record, and that,is, whether, after a divorce a vincujlo has been granted in favor of the husband on account of the aggression of the wife, she can recover from the husband for the support and maintenance of the children furnished by her. This is the only real question we have here, and an answer to this will determine the rights of the parties in this litigation. We think this question is settled by the Supreme Court of our state in the case of Fulton v. Fulton, 52 Ohio St., 229, where it is held that: “Where a divorce, a vinculo, has ¡been granted to a husband on account of the aggression of the wife, and the minor children of the parties assigned to the custody of the divorced wife, without an order respecting their maintenance, and while so in her custody she furnished to them necessaries, she cannot recover against her former husband, their father, for her expenditures in this behalf, in the absence of proof of a promise by him to pay for such necessaries or of a request that they should be furnished to the children.”
*425 It is not claimed in the case at bar that there was any express agreement between these parties that the husband would furnish or pay for this support.
It is important to look further into this case as the question before us is certainly an extraordinary one; and if it were possible for the court, in view of the facts in the case, we would be glad to give relief to this mother who has furnished care and .attention to this unfortunate child.
In Fulton v. Fulton, supra, Judge Bradbury at page 240 says: “And although the separation and divorce were caused by the misconduct of the mother, it may nevertheless be true that the ■obligation of the father to reasonably provide for his children will follow them into the custody of the delinquent mother, when circumstances require them to be placed in her custody. If, however, under such circumstances, it does so follow them, the reason and limit of this obligation of the father should be found in the necessit'es of the children. As to them, the natural obligation, of protection, nurture and maintenance, press with equal force upon the parents. By the divorce a vinculo, tíw mother is as completely absolved from the marital relatioa» .as she would be by death, and if, in the course of the proceeding which end in an absolute divorce, the minor children ar<* put under her control, by her procurement or in response te her wishes, her direct obligation towards them so long as she retains them would seem to be founded upon as substantia» considerations as if she were a widow. Their daily want* must be satisfied. Constant supervision may be necessary. Can their divorced mother, who has received them into her ■custody, abandon them in the one case and not in the other r We think not. By receiving them into her custody she should be held, as to them, to assume the obligations incident to that custody. If, under these circumstances, where her own misconduct has destroyed the family relation, and deprived the father of the custody and society of his children, she has in fact maintained her children, she has no claim, legal ot moral, to demand reimbursement from the father. She has simply discharged a duty cast upon her by the plainest pria-’ •ciples of natural justice, for the reason that the necessity *426 it arose from her own misconduct.” The case of Christoff v. Christoff, 6 Cir. Ct., 512, is in harmony with this holding.
/. A. Buchanan, for Plaintiff in Error.
/. H. Mitchell and E. E. Lindsay, for Defendant in Error.
We are not unmindful of the claim made here, that in the divorce proceeding there was an answer, in which she set up, perhaps, a defense, and that the answer was withdrawn for some reason, which this court cannot inquire into. This court is powerless to interfere with the divorce that was granted between these parties. We must look at the case as it is presented in the record. Where there is a divorce a vinculo on account of the aggression of the wife- — -in other words, where the husband has obtained a divorce from his wife, and the custody of the children are decreed to her, and she then, in the discharge of that duty, which she then assumes, and which the law has placed upon her, furnished them support, she cannot look to the former husband for reimbursement, unless she can found her claim upon an express contract or promise that he had agreed so to do. This is not the case here, and, therefore, we will have to answer the question under the facts in this case, as they are presented in the record, that the plaintiff has no-cause of action against the husband for the support that she has furnished these children.
The wife’s remedy, if she has one, would be in a reconsideration of her claim for alimony. Olney v. Watts,43 Ohio St.,499; Rogers v. Rogers, 51 Ohio St., 102.
Therefore, the judgment of the court below will have to be reversed and cause remanded to the common pleas court for further proceeding. Judgment reversed.

Note. E. E. Lindsey and 7. H. Mitchell, for Plaintiff in Error:
The divorce was granted to the husband on account of the refusal of the wife to cohabit with him. Was this such aggression of the wife as bars her from the benefits that would accrue to her under Pretzinger v. Pretzinger, 45 Ohio St., 452, in view of the fact that the only real-fault imputed to her was that she was physically disabled? In such case the husband is the real aggressor.
(2.) This child, Bessie Douglassj was in such condition that no part of the case of Fulton v. Fulton, 52 Ohio St., is really applicable to the-case at bar except where the court say “it may nevertheless be true, that the obligation of the father to reasonably provide for his children,. *427 will follow them into the custody of the delinquent mother, when circumstances require them to he placed in her custody.” 17 A. & E. Ency. of Law, (1 ed.) 354; 29 Barb., ■ (N. Y.), 124, 131.
(3.) The financial circumstances of the parties entitle the wife to recover, as it is stated in Fulton v. Fulton, p. 237, that “tfcie moral obligations of nurture, protection and reasonable support bear upon each according to his or her capacity to afford it.” And in same case, the court commenting on the rule laid down in Pretzinger v. Pretzinger say “however, even under these circumstances, if the mother has ample fortune and the resources of the father are comparatively limited justice will require a modification of a rule, etc.”
Hence justice might require a modification of the rule in Fulton v. Fulton if the mother is in very limited, circumstances financially, and the father has an “ample fortune,” especially in a case where there never was and never can be any services rendered the mother by the children or child, as was shown in the case at bar.
In Fulton v. Fulton, 52 Ohio St., divorce was granted on account of “the extreme cruelty of the wife,” a positive and reprehensive aggression, not a mere technical one whereon divorce was granted perchance-as much out of sympathy for the wife as any other consideration. Moreover the court in Fulton v. Fulton, lays great stress, and bases its reasoning on -the services and earnings of the minor children or child to which the mother became entitled, and the father correspondingly deprived, by virtue of the decree of custody, not one iota of which reasoning is applicable to this case, and any attempt to so apply it seems absurd, so far as the services and earnings of the deformed Bessie Douglass are concerned. Contended therefore that the aggression of the plaintiff in error in the divorce case, was not the kind of aggression that the court had in mind in Fulton v. Fulton, 52 Ohio St., as relieving the husband from supporting his minor child, nor mat the services and earnings of the minor child in this case were of sufficient value whereon to base any reasonings whatever, adverse to the wife. The circumstances at the time of the divorce positively required the court to place this child in -the custody of the mother regardless of whether she was the aggressor in the cause leading to the divorce.